The following is an opinion by Wtn. Cooke, Esquire, given many years after this case was decided, when it was in agitation to bring a new ejectment:
Justinian Gerard of Saint Mary’s County, being seised in fee of a tract of land called St. Clement's Manor, by his last will and testament in writing bearing date the 4th of August, 1682, devised the same to his wife Sarah and her heirs for ever. On the 29th July, 1685, the said Jus- ' tinian and Sarah, by a deed indented and enrolled, purporting to bp made as well for and in consideration of a jointure to the said Sarah, and for her better and more sure maintenance and livelihood in time to come, as also for the natural love and affection which the said Justinian had and did bear to her, and for the settling and establishing of the inheritance of the lands and tenements, thereafter men *169 tioned, to and in John Llewellin and Robert Foster and their heirs, to the uses, intents and purposes therein specified, did grant, &c. among other things, the said manor to the aforesaid John Llewellin and Robert Foster, and their heirs: To hold the same to them the said John Llewellin and Robert Foster, their heirs and assigns for ever, to the use of the said Justinian and his assigns during his life, and after his death, to the use of the said Sarah-during her life, and after the decease of the said Justinian and Sarah, to the use of the heirs of the body of the said Justinian lawfully begotten, or to be begotten, and for default of such issue, to the use of the said John Llewellin and Robert Foster their heirs and assigns for ever in trust, to make such grants and conveyance of the same, and dispose, distribute and employ the rents, issues and profits thereof to such person and persons, and in such manner and form as the survivor of the said Justinian and Sarah, by his or her will in writing, executed in the presence of three witnesses, or by any other writing subscribed and sealed by him or her in the presence of three witnesses, shall nominate, declare or appoint, and for default of such appointment, the trustees aforesaid to- convey the same to the right heirs of the said Justinian for ever, with power reserved to the said Justinian to make leases, alter, or revoke all or any of the uses aforesaid.
In 1687 Justinian died without issue, and without revoking the uses aforesaid, or making any new will; Sarah survived and intermarried with Michael Curtis. On the 29th Mg.y, 1710, the said Michael and Sarah, by deed indented and enrolled for a valuable consideration, reciting the will aforesaid, and the devise of the premises aforesaid to the said Sarah in fee, conveyed the same to Henry Peregrine Jowles and his heirs, to the use of the said Curtis and wife and their heirs for ever, and executed the same in the presence of three witnesses. On the 30th May, 1710, Jowles reconveyed (by deed-poll not acknowledged) to the said Curtis and wife in fee, of whom Charles Can rail, father of Charles Carroll, Esquire, purchased and con- *170 turned in the possession thereof, by the actual occupation of part and paying quit rents for the whole, till he was lately ousted of part by John Llewellin of Saint Mary’s County, a descendant (I suppose) of Llewellin, before-mentioned, who, till his said entry, had never been in possession of any part of the said land for upwards of years.
From the above state of facts several material questions, or rather objections, may be made to Mr. Carroll's title.
1. If the deed from Gerard and wife to Llewellin and Foster, is not a revocation of the will aforesaid of the said Justinian Gerard.
2. Whether the consideration expressed in the said deed is sufficient to raise the uses therein mentioned.
3. If it is, whether the power of appointment therein given, (to the said Sarah, who eventually survived Justinian,) be well pursued agreeable to the intention of the parties.
4. If such appointment of the use be well made, -whether the possession be executed to the use, or whether the legal title still remains in the heirs of the trustees aforesaid. And
5. Whether the long possession of Mr. Carroll be a sufficient title for him to support an ejectment, if it should appear that he has not a legal right to the said tract of land, called St. Clement's Manor.
I am of opinion, as to the first quere, that the said deed from Gerard and wife to Llewellin and Foster, is in construction of law a revocation of the will of the said Justinian Gerard. Every will is ambulatory and of no efficacy till the death of the party; it may be added to, revoked, in the whole or in part; in short it is considered only as an instrument declaratory of the intention of the testator as to the disposition of his estate. Every alteration of the mind if sufficiently notified is therefore a revocation. A bargain and sale not enrolled will not pass the estate, yet, manifesting an alteration of the intention of the testator, it *171 is a revocation. So for the same reason a deed of feoffment, if no livery of seisin is made, will not pass the estate, yet it is a revocation. So if a man after making his will transfers by any way or means the whole estate, though he takes the same estate back to himself in fee, it is a revocation. Carth. 81. 1 Wils. 308. It is, therefore, I apprehend, immaterial to this question, whether any thing passed by the deed to Llewellin and Foster or not. Sufficient appears tipon the face of the deed itself, to shew Justinian Gerard had changed his mind, and intended to make a different disposition of the estate from that mentioned in his will. But the present case, in my opinion, is much stronger 5 for the deed to Llewellin and Foster, I think to some purposes, is good, and transferred the estate to them, to the uses therein mentioned, as far as the consideration of the deed will extend. If land is conveyed by feoffment, fine or recovery, which transfers the possession, a use may be limited to a stranger without any consideration. But in a grant, bargain and sale, or covenant to stand seised, which do not transfer the possession, no use will arise unless there be a valuable consideration. So far, therefore, this deed relates to Justinian Gerard himself, or/ása^^j vision for his wife, and the issue of his bo' begotten, the consideration is valuable, and the transferred to Llewellin and Foster in trust for poses; but those considerations can never be raise a use for the benefit of any other person whatsoever. If therefore the appointment by Sarafijv/Fo survived Justinian, had been ever so regular, I am of opinion for want of a valuable consideration, no benefit could have accrued to the person so nominated by her to take the use. Gilbert, Uses, 251, 252. 207, 208. quere 212. 46. 1 Co. 154. b. 7 Co. 39. 11 Co. 24. Prec. in Ch. 224. I think it unnecessary to give any positive opinion to the third quere, whether such- appointment in this case was regularly made, and the intention of the parties well pursued, because if no estate could pass by virtue of such *172 appointment, it is immaterial in the end how it was made, though I incline to think the deed made by Curtis and wife to Jowles, is no appointment under the power given by the deed to Llewellin and Foster, and was never intended by Curtis and wife as such, it reciting their interest in the premises, and their power to convey to be given by will of Justinian Gerard., and not by the deed to Llewellin and Foster. Gilbert, Uses, 161. 199.
As to the 4th question,, it is in my opinion determined by the second and third; for if no interest could arise to the person nominated by Sarah, or if the power of making such appointment is not well executed by her, the possession would not by the statute be executed to the use; but the legal title would still remain in the heirs of the said Llewellin and Foster. Gilbert, Uses, 210. 6 Co. 18. 1 Burr. 120. But a doubt still remains of great importance, not only in this case, but to the inhabitants in general in this Province, and that is, whether peaceable possession for upwards of 20 years, is not a sufficient title to support an ejectment. I am in a great degree unacquainted with the practice of the Provincial Court, which will probably go a great way in the determining of this question. But in point of law, in point of reason, I have not many doubts» An ejectment will not lie where the entry of the party is tolled, and the statute of limitations (which does not speak of ejectments) takes away the entry after twenty years possession. It is the established doctrine, therefore, that twenty years possession is a good bar in ejectment; and if such possession is a good title for a defendant, why not for a plaintiff ? I can discover no reason to warrant the distinction, and I take the law to be the same in both cases. But this case is greatly strengthened by the descent cast upon Mr. Carroll, during the continuance of the said possession.
If cestui que use enters into the premises and receives the profits, he is tenant at will to the trustee. When, therefore, Justinian and Sarah Gerard, after the deed made to JJevjeHin and Foster, entered into and received the pr© *173 fits of the said land, it may be objected they were only tenants at will, Carth. 60. and she being entitled to no great» er estate in the use than for her life, the deed of bargain and sale made by Curtis and wife (after the death of Justinian) to, Jowles, could only operate to pass such interest as it legally might, to wit, for the life of Sarah, and not to divest the right of Llewdlin and Foster. Co. Litt. 75. a. 4 Lev. 35. Jones, 316. Cro. Eliz. 830. 2 Cro. 660. Teh. 74. and, therefore, the statute of limitations did not attach in this instance by any act of Justinian or Sarah.
It is needless to enter into a formal refutation of such an argument, because I think that if the argument is admit» .ted in its utmost extent as to Justinian and Sarah, it does not apply to the question, there being more than twenty years possession by Mr. Carroll and his father after the death of Sarah, who intermarried with Curtis, and that such possession, if peaceable and uninterrupted, will give a right of possession under the statute of limitations, and, consequently be a sufficient tide in ejectment, unless the practice of our Provincial Court, which I am not sufficiently acquainted with to speak of with certainty, should make some further evidence of the right necessary to este» blish a title.